```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X

ANDRE ANTROBUS,

                Petitioner,

        - against -                               ORDER
                                             20-CV-6341 (KAM)
NYS DEPT OF CORR. & COMM.,
Supt. Parole Division in
care of Rikers Island,

                Respondent.

--------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

On December 21, 2020, *pro se* Petitioner, Andre Antrobus, detained at Rikers Island,[1] filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the revocation of his parole[2] by the New York State Department of Corrections and Community Supervision. (*See* ECF No. 1, Petition for Writ of Habeas Corpus ("Pet.").) Petitioner's request to proceed *in*

---

[1] Plaintiff was released on February 26, 2021 but re-arrested on March 10, 2021. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited March 22, 2021). The Clerk of Court is respectfully requested to correct the Court's docket to reflect the fact that Petitioner's "book and case" number is now 1412100901.

[2] *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) ("A state prisoner such as Cook . . . not only may, but according to the terms of section 2254 must, bring a challenge to the execution of his or her sentence—in this case with respect to revocation of Cook's parole—under section 2254.").

*forma pauperis,* submitted March 1, 2021, is granted for this case. (ECF No. 3.) Petitioner also seeks an injunction against the 67th Precinct of the New York City Police Department to "cease and desist all their illegal activities." (*Id.*) For the reasons set forth below, the Court dismisses Petitioner's claim for injunctive relief and grants Petitioner leave to file an amended petition for a writ of habeas corpus under § 2254.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and deny a § 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000) (discussing 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

2

arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant "is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)).

## BACKGROUND

Mr. Antrobus's petition is difficult to understand, but it appears that Petitioner alleges that his parole was revoked by a warrant issued on November 12, 2020. He challenges seven of the parole revocation charges against him on the bases that they are "fraud[ulent]." (Pet. at 1.) On March 1, 2021, Petitioner sought leave to proceed *in forma pauperis* and also sought an injunction against the 67th Precinct of the New York City Police Department from their "illegal activities of false arresting, harassing, lying and using fraudulent testimony to their activities against me." (*See* ECF No. 3 at 1-4.)

3

**DISCUSSION**

**I.   Rule 2 of the Rules Governing Section 2254 Cases**

A petitioner in custody pursuant to a state court judgment may seek a writ of habeas corpus under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Rule 2(c) of the Rules Governing § 2254 Cases requires a petition to specify all of the petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested.  A petition for federal habeas corpus relief must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.  *See* 28 U.S.C. § 2254, Habeas Corpus Rule 2(c)(2), (3) (requiring that petition must "state the facts supporting each ground" and "state the relief requested"); *see also Mayle v. Felix*, 545 U.S. 644, 655, 656 (2005) (pleading standard for "Habeas Corpus Rule 2(c) is more demanding," and "habeas petitioners [must] plead with particularity").

The instant petition does not conform to Rule 2(c)'s requirements.  Consistent with its duty to construe *pro se*

4

actions liberally, the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern the constitutional basis for the petition. (*See generally* Pet. at 1-3.) The petition does not conform to Rule 2(c)'s requirements because Mr. Antrobus fails to set forth facts to support habeas corpus relief or other legal relief. Put simply, the Court does not understand what acts or omissions by state officials Petitioner is challenging and why. Accordingly, the Court therefore grants Petitioner leave to amend his petition so that it conforms to the requirements of Rule 2(c).

## II.   Timeliness and Exhaustion

The petition also fails to provide information that would allow the court to determine if the petition is timely or if Petitioner has exhausted his claims. As to timeliness of this claim, the "factual predicate of [Petitioner's] claim," 28 U.S.C. § 2244(d)(1)(D) from which the Court determines the timeliness of the petition, is the revocation of his parole, *i.e.,* when Petitioner is notified that the administrative decision to revoke his parole is final. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280-81 (2d Cir. 2003). The petition is silent as to whether there is an administrative

5

decision that revoked his parole or the date of its entry. It appears, however, that this petition challenging the revocation of his parole is premature because given the November 12, 2020 date of the warrant, the administrative decision to revoke his parole has likely not yet been issued. (*See* Pet. at 1.)

As to exhaustion of his challenge to the revocation of his parole, Petitioner must pursue relief under Article 78 of the New York Civil Practice Law and Rules as far as possible within the New York State court system. *See Rossney v. Travis*, No. 00-cv-4562 (JGK), 2003 WL 135692, at *5 (S.D.N.Y. Jan. 17, 2003) ("[P]etitioner satisfied the exhaustion requirement by presenting his claims in the Article 78 proceeding, the dismissal of which was affirmed, . . . and leave to appeal to the Court of Appeals of New York was denied.").

**III.   Request for Injunctive Relief**

Petitioner's March 1, 2021 request for an injunction against the 67th Precinct of the New York City Police Department is not properly raised in a petition for a writ of habeas corpus pursuant to § 2254 and accordingly is denied. A habeas corpus action is the proper means for a state prisoner to bring a "challenge to the fact or duration of his confinement based, as here, upon the alleged unconstitutionality of state

6

administrative action." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment[.]").  To the extent Petitioner seeks injunctive relief for alleged violations of his constitutional rights by the police department separate from his challenge to his confinement, that claim is dismissed without prejudice to the filing of an administrative claim and action for constitutional violations pursuant to 42 U.S.C. § 1983.

**IV.   Leave to Amend Petition**

The Court grants Petitioner leave to submit an amended petition within forty-five days of the date of this order. Should Petitioner decide to file an amended petition, he must state his grounds for relief, provide the date of the final administrative decision to revoke his parole, and detail the steps he has taken to exhaust fully his remedies in the New York courts.  *See* 28 U.S.C. § 2254(b)(1).  Petitioner is advised that if he files an amended petition, it will completely replace his original pleading.

7

**CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's claim for injunctive relief and grants Petitioner leave to file an amended petition for a writ of habeas corpus under § 2254. Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Court within forty-five days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. The Clerk of Court shall include a Petition under 28 U.S.C. § 2254 form with this order; which Petitioner should complete as specified above. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be dismissed without prejudice.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner and to note mailing on the docket.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith

and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

    SO ORDERED.

                                                         /s/
                                       Kiyo A. Matsumoto
                                       United States District Judge
                                       Eastern District of New York

Dated: Brooklyn, New York
       March 22, 2021